EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hon. Antonio Fas Alzamora, Presidente del Senado de Puerto Rico; Hon. Velda González de Modesti, como Presidenta de la Comisión Especial para Investigar la Corporación de Puerto Rico para la Difusión Pública (WIPR)<br><br>    Apelados<br><br>    EX PARTE | Apelación<br><br>2004 TSPR 63<br><br>161 DPR ____ |

Número del Caso: AC-2004-26

Fecha: 27 de abril de 2004

Tribunal de Circuito de Apelaciones:

                Región Judicial de San Juan

Juez Ponente:

                Hon. Gilberto Gierbolini

Abogado de la Parte Apelante:

                Lcdo. Manuel San Juan

Abogados de la Parte Apelada:

                Lcdo. José A. Velázquez Grau
                Lcdo. Moisés Abreu Cordero

Materia: Citación de Testigos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hon. Antonio Fas Alzamora,
Presidente del Senado de Puerto
Rico; Hon. Velda González de
Modesti, como Presidenta de la
Comisión     Especial     para
Investigar la Corporación de        APELACIÓN
Puerto Rico para la Difusión
Pública (WIPR)                      AC-2004-26

       Apelados

       EX PARTE

SENTENCIA

San Juan, Puerto Rico, a 27 de abril de 2004.

En el caso de autos, el Lcdo. Luis G. Rullán Martín presentó una apelación solicitando la revocación de una sentencia emitida por el Tribunal de Apelaciones. Acompañó Moción en Auxilio de Jurisdicción.

Considerado el recurso como certiorari, por estar igualmente dividido el Tribunal y conforme lo dispuesto en la Regla 4(a) del Reglamento del Tribunal Supremo de Puerto Rico, se expide el auto y se dicta Sentencia confirmatoria de la emitida en el caso de autos por el foro apelativo y se deniega la Moción en Auxilio de Jurisdicción.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Naveira Merly, el Juez Asociado señor Hernández Denton y la Jueza Asociada señora Fiol Matta denegarían el recurso. El Juez Asociado señor Rebollo López emitió voto disidente.

Los Jueces Asociados señores Corrada del Río y Rivera Pérez expedirían. El Juez Asociado señor Fuster Berligeri no intervino.


                                        Patricia Otón Olivieri
                                        Secretaria del Tribunal Supremo

ESTADO LIBRE ASOCIADO DE PUERTO RICO


Hon. Antonio Fas Alzamora
y otros

    Ex-Parte                           AC-2004-26      CERTIORARI


VOTO DISIDENTE EMITIDO POR EL JUEZ ASOCIADO SEÑOR FRANCISCO REBOLLO LÓPEZ

San Juan, Puerto Rico a 27 de abril de 2004

El Tribunal en el día de hoy --por estar igualmente dividido[1]-- indirectamente establece una norma realmente funesta. Al avalar tres de sus integrantes la sentencia emitida en el presente caso por el Tribunal de Apelaciones, se resuelve que un abogado, al comparecer ante el foro legislativo, tiene que evidenciar, mediante prueba independiente o corroborativa, que efectivamente representa a un cliente. Esto es, se resuelve que no basta la aseveración del abogado a esos efectos. Dicha posición es una total y completamente errónea, y, hasta absurda. Veamos.

---

[1] El Juez Asociado Señor Fuster Berlingeri no intervino.

I

El Tribunal de Primera Instancia erróneamente resolvió en el presente caso que no existía una relación de abogado-cliente por razón de que el peticionario Lcdo. Luis G. Rullán Marín no había evidenciado que la corporación que alegaba representar tuviera personalidad jurídica. El Tribunal de Apelaciones, en la sentencia que emitiera, correctamente expresó que este fundamento es erróneo en Derecho, por cuanto el privilegio de abogado-cliente puede existir tanto en cuanto a corporaciones, personas naturales, asociaciones, etc.

Ahora bien, el tribunal apelativo intermedio confirmó la decisión de instancia por otro fundamento, a saber: por entender que el peticionario Lcdo. Luis G. Rullán no había presentado prueba independiente que evidenciara el hecho de que él ostentaba la representación de dicho cliente. A esos efectos, el referido foro expresó que no existían "hechos o planteamientos específicos que establezcan su alegación de manera incuestionable." Entendemos que ese fundamento es igualmente erróneo. En nuestra jurisdicción, de ordinario, no se exige que un abogado al comparecer ante un foro judicial en representación de un cliente presente evidencia corroborativa, o prueba independiente, de su aseveración de que él es el abogado de dicho cliente. No hay fundamento jurídico válido alguno para sostener lo contrario cuando se trata del foro legislativo.

Al así resolverse, estamos sentando una norma a los efectos de que todo abogado que comparezca ante un foro judicial, legislativo, administrativo, etc. viene en la obligación de presentar prueba independiente demostrativa de que él ostenta la representación legal de una corporación, persona natural, asociación, etc. Ello es improcedente e inaceptable; entre otras cosas podría argumentarse que, por analogía, resultan aplicables al caso de autos las disposiciones de la Regla 9 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.9.

Por otro lado, es importante señalar que la Regla 25 de Evidencia claramente establece que el privilegio abogado-cliente puede ser invocado "...por el abogado a quien la comunicación fue hecha si la invoca a nombre de y para beneficio del cliente." No cabe duda que en el caso de autos el Lcdo. Luis G. Rullán invocó el referido privilegio, demostrando con su testimonio de que él era el asesor legal de la corporación en controversia.

Por último, existe la salvaguarda de que si, posteriormente, se demuestra que es falsa la aseveración del abogado a los efectos de que ostenta la representación legal de dicho cliente y, por ende, que el privilegio abogado-cliente no es de aplicación al caso que se ventila, dicho abogado no sólo podrá ser sancionado éticamente sino que, incluso, podría ser procesado por perjurio en los casos en que ello resulte procedente.

Revocaría, en consecuencia, la sentencia emitida por el Tribunal de Apelaciones.[2] Es por ello que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

[2] A lo sumo, y como medida cautelar, procedería ordenar una vista ante el tribunal de instancia en la cual el peticionario Rullán vendría en la obligación de demostrar que las preguntas que se ha negado a contestar tienen relación con materias o asuntos protegidos por el privilegio de abogado-cliente.